UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

v.

ANTONIO L. RODRIGUEZ,

        Defendant.

**DECISION AND ORDER**

6:23-CR-06173 EAW

---

**I.   INTRODUCTION**

Defendant Antonio L. Rodriguez ("Defendant") has filed objections (Dkt. 41) to a Report and Recommendation (Dkt. 39 (the "R&R")) entered by United States Magistrate Judge Mark W. Pedersen, recommending that the Court deny Defendant's motion to dismiss the indictment in this matter (Dkt. 31). For the reasons set forth below, Defendant's objections are overruled, the R&R is adopted, and the motion to dismiss is denied.

**II.   BACKGROUND**

Defendant is charged by an indictment returned on September 14, 2023, with a single count of being a felon in possession of a firearm and ammunition, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(8). (Dkt. 23). Defendant allegedly has three prior felony convictions for "Burglary 3rd degree: Illegal Entry with Intent to Commit a Crime." (Dkt. 1-1 at ¶ 6).

Defendant has moved to dismiss the indictment on the basis that § 922(g)(1) is unconstitutional both on its face and as applied to him, relying on the Supreme Court's decision in *N.Y. State Rifle & Pistol Ass'n v. Bruen*, 597 U.S. 1 (2022). (Dkt. 31). In the

R&R, Judge Pedersen concluded that *Bruen* had not overruled *United States v. Bogle*, 717 F.3d 281 (2013), a controlling decision in which the Second Circuit found § 922(g)(1) facially constitutional. (*See* Dkt. 39 at 8-9). Judge Pedersen further explained that Defendant's as-applied challenge failed because he did "not provide any explanation or argument" to support it, and did not dispute his prior felony convictions. (*Id.* at 10-11). Judge Pedersen accordingly recommended that the motion to dismiss be denied. (*Id.* at 11).

Defendant objects to the R&R, arguing that "the Court should treat *Bogle* as overruled and engage in the historical analysis required by *Bruen*." (Dkt. 41 at 3). Defendant further argues that any denial of his as-applied challenge should "be without prejudice" to renewal based on further development of the record. (*Id.* at 4). The government opposes Defendant's objections, and urges the Court to adopt the R&R. (Dkt. 45).

The Court heard oral argument on Defendant's objections on March 27, 2024. (Dkt. 46). The Court advised the parties from the bench that it intended to adopt the R&R, and indicated that it would issue the instant written decision memorializing its reasoning. (*See id.*).

### III. <u>LEGAL STANDARD</u>

A district court reviews any specific objections to a report and recommendation on a dispositive issue, such as a motion to dismiss, under a *de novo* standard. Fed. R. Crim. P. 59(b)(3); *see also* 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo

determination of those portions of the report or specified proposed findings or recommendations to which objection is made."). To trigger the *de novo* review standard, objections to a report and recommendation "must be specific and clearly aimed at particular findings in the magistrate judge's proposal." *Molefe v. KLM Royal Dutch Airlines*, 602 F. Supp. 2d 485, 487 (S.D.N.Y. 2009). Moreover, "it is established law that a district judge will not consider new arguments raised in objections to a magistrate judge's report and recommendation that could have been raised before the magistrate but were not." *United States v. Gladden*, 394 F. Supp. 3d 465, 480 (S.D.N.Y. 2019) (quoting *Hubbard v. Kelley*, 752 F. Supp. 2d 311, 313 (W.D.N.Y. 2009)).

## IV.   <u>DISCUSSION</u>

Having carefully considered the parties' arguments and the applicable law, and having assessed the issue *de novo*, the Court agrees with Judge Pedersen that *Bogle* remains controlling precedent and forecloses Defendant's facial challenge to § 922(g)(1). This Court is required to follow Second Circuit precedent "unless and until it is overruled in a precedential opinion by the Second Circuit itself or unless a subsequent decision of the Supreme Court so undermines it that it will almost inevitably be overruled by the Second Circuit." *United States v. Diaz*, 122 F. Supp. 3d 165, 179 (S.D.N.Y. 2015) (quotation omitted), *aff'd*, 854 F.3d 197 (2d Cir. 2017). The Supreme Court's decision in *Bruen* does not satisfy this standard with respect to *Bogle*.

To understand the Court's conclusion, it is necessary to briefly discuss the history of Second Amendment jurisprudence prior to *Bruen*. In *District of Columbia v. Heller*, 554 U.S. 570 (2008), and *McDonald v. City of Chicago*, 561 U.S. 742 (2010), the Supreme

Court held that the Second Amendment establishes an individual right to keep and bear arms, which is incorporated under the Fourteenth Amendment and thus enforceable against the states. Following *Heller* and *McDonald*, the courts of appeals had "coalesced around a 'two-step' framework for analyzing Second Amendment challenges that combine[d] history with means-end scrutiny." *Bruen*, 597 U.S. at 17. The *Bruen* Court rejected that two-step, means-end framework and instead held:

> [T]he standard for applying the Second Amendment is as follows: When the Second Amendment's plain text covers an individual's conduct, the Constitution presumptively protects that conduct. The government must then justify its regulation by demonstrating that it is consistent with the Nation's historical tradition of firearm regulation. Only then may a court conclude that the individual's conduct falls outside the Second Amendment's unqualified command.

*Id*. at 24 (quotation omitted).

*Bogle* was decided by the Second Circuit after *Heller* and *McDonald*, but before *Bruen*. Critically, it did not rely on the means-end analysis subsequently overruled by the *Bruen* Court. Instead, *Bogle* was based on the Supreme Court's statements in *Heller* and *McDonald* that "recent developments in Second Amendment jurisprudence should not 'be taken to cast doubt on longstanding prohibitions on the possession of firearms by felons.'" *Bogle*, 717 F.3d at 281 (quoting *Heller*, 554 U.S. at 626); *see also McDonald*, 561 U.S. at 786 ("We made it clear in *Heller* that our holding did not cast doubt on such longstanding regulatory measures as 'prohibitions on the possession of firearms by felons and the mentally ill,' 'laws forbidding the carrying of firearms in sensitive places such as schools and government buildings, or laws imposing conditions and qualifications on the commercial sale of arms.' We repeat those assurances here." (citation omitted)).

*Bruen* did not overrule or call into question the validity of *Heller* or *McDonald*, and it was those decisions alone that provided the grounds for the Second Circuit's decision in *Bogle*. There is therefore no basis for this Court to conclude that the Second Circuit will almost inevitably overrule *Bogle* based on *Bruen*. To the contrary, at least one other court of appeals has determined that *Bruen* did not "indisputably and pellucidly abrogate" a prior precedential decision upholding the constitutionality of § 922(g)(1) based on *Heller*. *Vincent v. Garland*, 80 F.4th 1197, 1202 (10th Cir. 2023).

For these reasons, and "like every other district court in this Circuit to have faced this question to date," the Court does "not conclude that *Bruen* fatally abrogated *Bogle*." *United States v. Pickett*, No. 1:22-CR-00486, 2024 WL 779209, at *3 (E.D.N.Y. Feb. 26, 2024) (collecting cases).[1] *Bogle* is controlling precedent, and forecloses Defendant's facial challenge to § 922(g)(1).

As to Defendant's as-applied challenge, the Court agrees with Judge Pedersen that it must fail, given that Defendant does not dispute his prior felony convictions and has offered no other basis on which an as-applied challenge could succeed. The Court further finds no basis to deny this aspect of Defendant's motion without prejudice. However, as the Court stated at oral argument, should defense counsel conclude that subsequent record developments necessitate revisiting this issue, defense counsel may bring the matter to the Court's attention.

---

[1] The Court's own research has not revealed any district court case reaching a contrary conclusion since *Pickett* was issued, and defense counsel stated at oral argument that she likewise had not found any such case.

## CONCLUSION

For the foregoing reasons, the Court overrules Defendant's objections (Dkt. 41), adopts the R&R (Dkt. 39), and denies Defendant's motion to dismiss the indictment (Dkt. 31).

SO ORDERED.

_____
ELIZABETH A. WOLFORD
Chief Judge
United States District Court

Dated: April 1, 2024
Rochester, New York